UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00058-SSS-BFM | Date | January 14, 2026 |
| Title | *Juan Rios Vega v. Kristi Noem et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Couart Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on January 7, 2026. [Dkt. No. 2]. Respondents filed their Opposition to the TRO on January 12, 2026. [Dkt. No. 10, "Opposition" or "Opp."]. Petitioner filed his Reply on January 13, 2026. [Dkt. No. 11, "Reply"].

## I. BACKGROUND

Petitioner Juan Rios Vega is a Mexican national who has been detained since December 5, 2025. [Dkt. No. 1 at 7, "Habeas Petition"]. Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California, is in pending removal proceedings, and has been denied the opportunity to be released on bond by the Executive Office for Immigration Review. [*Id.* at 2–7]. Moreover, Petitioner alleges membership in in the nationwide class in *Maldonado Bautista v.*

*Santacruz*. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] [Habeas Petition at 8].

On January 5, 2026, Petitioner filed this petition seeking a writ of habeas corpus. [*See generally* Habeas Petition]. Petitioner alleges his continued detention violates the Immigration and Nationality Act ("INA") and seeks relief consistent with this Court's Order in *Maldonado Bautista* in the form of release or a bond hearing. [*Id.* at 8–10].

After filing his Habeas Petition, Petitioner also filed an Application for a TRO. [*See generally* Dkt. No. 2-1, "Application" or "App."]. Petitioner's Application for a TRO seeks an order requiring Respondents to provide him with an individualized bond hearing before an immigration judge ("IJ") pursuant to § 1226(a). [App. at 5, 7–11].

For the reasons discussed below, the Court **GRANTS** Petitioner's Application for a TRO.

---

[1] This Order uses the term "noncitizenship" in place of "alienage" and "noncitizen" in place of "alien." The Court follows the U.S. Supreme Court and Ninth Circuit, where the use of the term "noncitizen" has become a common practice. *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018). Additionally, this Court thinks it is prudent to "avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing." *Chicago Manual of Style Online* 5.253, https://www.chicagomanualofstyle.org/book/ed17/part2/ch05/psec253.html. As noted by the Ninth Circuit, "[t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed[.]'" *Avilez*, 69 F.4th at 527 n.1 (citing *Alien*, *Webster's Third New International Dictionary* 53 (2002)). Accordingly, because the word "noncitizen" is synonymous and does not encompass such negative connotations, the Court finds "noncitizen" is a better word choice. *See Alien* and *Noncitizen*, *American Heritage Dictionary of English Language* 44, 1198 (5th ed. 2011).

## II. LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).[2]

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under the sliding scale approach, a petitioner is entitled to a TRO if he has raised "serious questions going to the merits ... and the balance of hardships tips sharply in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

---

[2] Ordinarily, the "circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). To be entitled to an ex parte temporary restraining order, Plaintiffs must set out "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Pro. 65(b)(1)(A). However, because Petitioner has provided Respondents with notice of this ex parte filing, and Respondents have filed an Opposition, the Court will proceed.

## III. DISCUSSION

Petitioner requests the TRO because he believes his arrest was unlawful, and because continued detention constitutes an ongoing deprivation of his constitutional rights. [App. at 6, 10–11].

Respondents oppose the TRO for two primary reasons: (1) Petitioner's failure to comply with certain Local Rules, and (2) Petitioner's inability to meet the high evidentiary bar for injunctive relief. [*See* Opp. at 3–8]. After advancing these arguments, Respondents then request that "[i]f relief is granted, however, at most it should be limited to requiring a § 1226(a) bond hearing to be provided within seven days." [*Id.* at 2, 8].

### A. Developments in *Bautista*

The troubling circumstances surrounding the refusal by executive agencies to provide Petitioner as well as those in the Bond Eligible Class with bond hearings are all too familiar with this Court. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment finding the DHS Policy denying bond hearings contrary to the INA); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue); *Lopez Pop v. Noem*, 5:25-cv-02589-SSS-SSC (C.D. Cal. Oct. 3, 2025) (granting a TRO on the same issue); *Huerta Estrada v. Noem*, 5:25-cv-03271-SSS-BFM (C.D. Cal. Dec. 10, 2025) (same).

Because Petitioner alleges membership in the Bond Eligible Class from *Bautista*, it is worth noting that *Bautista*'s procedural posture has progressed since class certification. Weeks after granting class certification, this Court entered final judgment in the action to "aid expeditious decision of the case." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As part of the final judgment, the Court declared that 8 U.S.C. § 1226(a) was the proper governing authority for those in the Bond Eligible Class, and that the class members were not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Moreover, the Court vacated the Department of Homeland Security policy described in the July 8, 2025, "Interim Guidance

Regarding Detention Authority for Applicants for Admission" under the Administrative Procedure Act as not in accordance with law. *Id.*

In spite of these conclusions following *Bautista*, Respondents have continued their course of action in detaining those in the Bond Eligible Class and persist in challenging the class members' right to a bond hearing. The Court finds necessary to briefly catalogue the litany of excuses raised by Respondents to evade compliance with the Court's orders and relevant judicial doctrines.

Prior to entry of final judgment in *Bautista*, Respondents argued that individuals like Petitioner were not entitled to relief because they could not meet the necessary elements for a TRO, or failed to exhaust administrative remedies. [*See* Dkt. No. 6 in *Adrian Salgado Valenzuela v. Fereti Semaia et al*. Case No. 5:25-CV-02853-SSS-RAO (C.D. Cal. Oct. 30, 2025); Dkt. No. 8 in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.* Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 24, 2025)]. Perhaps those arguments were viable at the time, and it appears that IJs relied on a case decided by the Board of Immigration Appeals ("BIA") to insist there existed no jurisdiction to hold individualized bond hearings under § 1226. *See Matter of Yajure-Hurtado*, 29 I&N Dec. 2016 (BIA 2025). [*See also e.g.*, Dkt. No. 4-2 at 15 in *Roberto Carlos Rivas Martinez v. Ernesto Santacruz Jr. et al*., Case No. 5:25-cv-03597-SSS-BFM (C.D. Cal. Dec. 31, 2025) (demonstrating that an IJ cited to *Yajure-Hurtado* as a jurisdictional bar to entertaining a bond hearing); Dkt. No. 8-1 at 14 in *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al.*, Case No. 2:25-cv-11649-SSS-BFM (Dec. 11, 2025) (same); Dkt. No. 6-2 at 2, in *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM (C.D. Cal. Dec. 15, 2025) (same)].

However, since the Court entered final judgment in *Bautista*, the law of the case doctrine bars such argument now. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (generally precluding a court from "reconsidering an issue previously decided by the same court where the issue in question was decided explicitly or by necessary implication"). The Court even identified as such in orders granting relief to class members in subsequent matters. [*See* Dkt. No. 13 in *Joaquin Beltran Orduno et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03332-SSS-BFM (C.D. Cal. Dec. 11, 2025); Dkt. No. 14 in *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al*., Case No. 2:25-cv-11649-SSS-BFM; Dkt. No. 13 in *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM (C.D. Cal. Dec. 19, 2025)]. In fact, *Bautista*'s most recent order indicated that "the interpretation in *Yajure-Hurtado*, 29 I. & N. Dec.

216, which contradicts the Court's reasoning is no longer controlling." *Bautista*, 2025 WL 3713987, at *12.

Yet, Respondents now renew the same arguments that have been rejected numerous times. [Opp. at 4–8]. Because Petitioner is a member of the Bond Eligible Class certified in *Bautista*, he is entitled to the relief sought in the TRO. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 at *32 (C.D. Cal. Dec. 18, 2025). The Court expects Respondents to act in accordance with the Court's final judgment in *Bautista*. Respondents' continued defiance of valid court orders and its final judgment has resulted in unnecessary, voluminous filings of ex parte temporary restraining orders. Should Respondents continue to detain members of the Bond Eligible Class and deny them bond hearings, the Court will set hearings for contempt.

**B. Compliance with Local Rules**

The only new argument raised by Respondents is procedural: that Petitioner failed to comply with Local Rule 7-5 and Local Rule 65-1, which require declarations and evidence to be submitted by the moving party. [Opp. 3–4].

The primary grievance Respondents raise is that Petitioner provided no declaration or evidence to support his TRO Application. [Opp. at 3]. But Petitioner did provide evidence in the form of his Notice to Appear, which contains sufficient information about Petitioner that would permit Respondents to readily identify and verify the facts as alleged in the Habeas Petition and TRO. [*See* Dkt. No. 2-2]. Furthermore, the volume of habeas petitions and TROs that have been requested in this Court on this exact issue reinforce Respondents' familiarity with the issues presented in this instant TRO. The Court is skeptical as to Respondents' intentions in raising compliance with the Local Rules given Respondents' lack of compliance with the Court's orders in all the subsequent habeas actions filed by Bond Eligible Members. Respondents neither face undue surprise nor prejudice when facing the issues raised in this TRO Application; therefore, the Court is perplexed why the Court must deny the TRO "for that threshold reason alone." [Opp. at 3]. In any event, Petitioner's Reply has cured any deficiencies as to the evidence required to warrant the TRO. [*See* Dkt. No. 11-1].

Therefore, the Court finds any concerns regarding Petitioner's compliance with the Local Rules to be immaterial.

## IV. CONCLUSION

For the reasons discussed above, the Court finds Petitioner's TRO raises serious questions concerning the merits of the case, the balance of the hardships tips sharply in Petitioner's favor, he is likely to suffer irreparable harm in the form of continued detention without an initial bond hearing, and granting his requested relief is in the public interest. Accordingly, the Court finds that the TRO is necessary to prevent the immediate and irreparable injury that may occur. As such, the TRO is **GRANTED**. [Dkt. No. 2].

In accordance with the parties' briefings, it is **ORDERED THAT**:

- Respondents are enjoined from continuing to detain Petitioner unless they are provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation.

This Order shall be in effect **until January 30, 2026**. The Court **ORDERS** Respondents **TO SHOW CAUSE** as to why a preliminary injunction should not issue. Respondents should include in their Response an explanation as to why they did not provide Petitioner with a bond hearing in the first instance given membership in the Bond Eligible Class. Respondents shall file any response by **Friday January 23, 2026**, and Petitioner shall file any reply by noon on **Wednesday January 28, 2026**.

The Court **SETS** a hearing in person on whether a preliminary injunction should issue on **January 30, 2026 at 2:00 PM,** in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501.

**IT IS SO ORDERED**.